# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 21, 2015

Plaintiff-Appellee,

v

No. 320448
Berrien Circuit Court
LC No. 2006-408755-FH

ROGER RAY STRICKLAND,

Defendant-Appellant.

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Roger Ray Strickland, appeals by leave granted the trial court's order revoking his probation and sentencing him to serve 18 to 48 months' imprisonment. We affirm.

## I. BACKGROUND FACTS

In November 2006, Strickland pleaded guilty to felony failure to pay support, MCL 750.165. The trial court sentenced Strickland to a term of five years' probation. On December 3, 2013, Strickland pleaded guilty to four probation violations: (1) leaving the state of Michigan for Indiana without permission; (2) failing to contact the probation department; (3) failing to contact his probation officer; and (4) failing to make restitution payments. The trial court found that Strickland's plea was knowingly, voluntarily, and intelligently made. It revoked his probation and sentenced him to serve 18 to 48 months' imprisonment for felony failure to pay support.

## II. ANALYSIS

Strickland contends that the trial court's sentence deprived him of his rights under the Michigan and Federal Constitutions. We conclude that Strickland's plea waived these issues.

A waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "An unconditional guilty plea that is knowing and intelligent waives claims of error on appeal, even claims of constitutional dimension." *People v Likine*, 492 Mich 367, 409; 823 NW2d 50 (2012). A defendant's waiver extinguishes any error on appeal. *Carter*, 462 Mich at 215.

-1-

In *People v Harris*, one of the cases consolidated with *Likine*, the defendant pleaded guilty to failure to pay support. *Likine*, 492 Mich at 384. The Michigan Supreme Court determined that the defendant's plea waived his constitutional challenges. *Id*. at 409. Similarly, in this case, Strickland pleaded guilty to felony failure to pay support and to failure to make restitution payments. As part of those pleas, Strickland admitted the factual basis of his guilt. He necessarily waived his impossibility defense and his constitutional arguments on appeal.

We affirm.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause